IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | Criminal No: 3:13-695 |
|---|---|
| v. | |
| WILLIAM J. GIBSON | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this ___ day of January, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney James Hunter May; the Defendant, **WILLIAM GIBSON**, and Defendant's attorney, Jerry Finney.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 2 of the Indictment now pending, which charges "sex trafficking of children," a violation of Title 18, United States Code, § 1591.

In order to sustain its burden of proof, the Government is required to prove the following:

-1-

**Count 2**

a. The defendant recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person;

b. The defendant did so in or affecting interstate commerce;

c. The defendant knew, or had recklessly disregarded the fact, that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

The penalty for this offense is:

MAXIMUM SENTENCE THIS COUNT FINE OF $250,000 AND/OR IMPRISONMENT FOR NOT LESS THAN 10 YEARS TO LIFE AND A TERM OF SUPERVISED RELEASE OF NOT MORE THAN 3 YEARS PLUS A SPECIAL ASSESSMENT OF $100.00

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are

-2-

minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

- A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

- B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant

agrees to cooperate fully with the Government in identifying all victims.

  C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

-4-

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

a. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

b. all additional charges known to the Government may be filed in the appropriate district;

c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. Provided the Defendant cooperates and complies with all the terms of this Agreement, the Government agrees that it will

not attempt to directly use any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement in any pending or future prosecution. The Defendant agrees that the Government may make derivative use of such information as it sees fit. The Defendant also understands that this agreement does not apply to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

    c. in a prosecution for perjury or giving a false statement; or

    d. in the event the Defendant breaches any of the terms of the Plea Agreement.

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not

binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

9. Provided the Defendant cooperates and otherwise complies with all the conditions of this Plea Agreement, and the Defendant's cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the United States agrees to move to dismiss the remaining counts of the Indictment at sentencing. The Defendant understands that the dismissal of the remaining counts would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

## Merger and Other Provisions

10. The Attorneys for the Government agree to recommend that the Defendant be given a concurrent sentence for his state Indictments true billed on April 3, 2011, April 13, 2011 and October 6, 2011, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the 5th Circuit Solicitor's Office.

-8-

Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by the 5th Circuit Solicitor's Office.

11. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to

-9-

this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. Defendant also understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

13. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

14. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any

-10-

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 360 months actual incarceration, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw his FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter;

that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

1-9-14
Date

*signature* WILLIAM GIBSON, DEFENDANT

Jan 9, 2014
DATE

*signature* JERRY FINNEY
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

1-9-14
Date

*signature* JAMES HUNTER MAY (#11355)
ASSISTANT UNITED STATES ATTORNEY

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 3:13-695 |
| DEFENDANT'S NAME: | WILLIAM GIBSON |
| PAY THIS AMOUNT: | $100.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
Clerk's Office
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER (Do Not send cash)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*